**Nicholas LASORSA, Petitioner,**

v.

**Frederick MENIFEE, Respondent.**

**No. 97 Civ. 4827 (SS)(RLE).**

United States District Court,
S.D. New York.

June 8, 1998.

---

Joyce C. London, New York City, for Petitioner.

Mary Jo White, United States Attorney, Irene Chang, New York City, for Respondent.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

Petitioner LaSorsa filed this petition [1] for a writ of habeas corpus under 28 U.S.C. § 2241, contending that his continued incarceration by the Federal Bureau of Prisons (BOP) is unlawful because, having completed a BOP residential drug treatment program, he is now eligible for early release under 18 U.S.C. § 3621(e)(2)(B). The Court, in an earlier opinion with which familiarity is assumed, denied BOP's motion to dismiss on the ground that, by virtue of the weapon found in a search of LaSorsa's residence, LaSorsa was not a "prisoner convicted of a nonviolent offense" as defined by 18 U.S.C. § 3621(e)(2)(B) and the BOP regulations promulgated pursuant thereto, 28 C.F.R. § 550.58, and was thus ineligible for early release. *See LaSorsa v. Spears,* 2 F.Supp.2d 550 (S.D.N.Y.1998). The Court ordered BOP to reconsider its denial in light of the Court's ruling and to file an amended return to the petition.

BOP has now done so and in its amended return has disavowed any reliance on LaSorsa's having been convicted of a "crime of violence." Instead, BOP now asserts that LaSorsa is being denied early release because, in an exercise of its discretion, BOP has decided not to grant early release to prisoners like LaSorsa who, despite having successfully completed a drug treatment program, received a two-level sentence enhancement for possession of a firearm. *See* Declaration of Patricia R. Griffin, Ph.D. (included with the Amended Return). As explained by the Court in its earlier Opinion, although 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58 prevent BOP from granting early release to a prisoner convicted of a crime of violence, neither the statute nor the regulation in any way limit BOP's discretion to deny early release to prisoners otherwise eligible for release. *See LaSorsa,* 2 F.Supp.2d at 555–58. BOP's decision to deny early release to those prisoners receiving a two-level enhancement for weapons possession is a rational exercise of that discretion.

LaSorsa responds that in the Amended Return, BOP states that it is relying on the version of BOP Program Statement 5162.02 which purports to define the term "crime of violence" in precisely the way held by this Court to be impermissible. The Court agrees that BOP's reference to this document is unnecessarily confusing, particularly in light of the fact that a more recent version of this Program Statement, one which disavows any reliance on defining "crime of violence," would seem to be the relevant document for evaluating LaSorsa's request for release. Any ambiguity in this reference, however, is resolved by BOP's unequivocal statement that it "do[es] not draw any conclusion regarding whether such circumstances constitute a crime of violence" but rather that the decision is "based on the BOP's policy, consistent with ... the discretion afforded to BOP, to deny early release to an individual whose conviction for drug possession with intent to distribute is accompanied by possession of a firearm." Decl. of Patricia Griffin, ¶ 7. As noted, such a policy is within the discretion given to BOP by both the statute and the regulation. Petitioner's continued incarceration therefore not being unlawful, the petition for a writ of habeas corpus is hereby DENIED.

**SO ORDERED.**